WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Thomas Stewart, | No. CV-12-01688-PHX-JAT |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). Magistrate Judge Anderson issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations.

**I.     REVIEW OF AN R&R**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [R&R] to which objection is made."). In this case, Petitioner filed objections to the R&R (Doc. 38), and the Court will review any objections de novo.

## II. FACTUAL BACKGROUND

The R&R summarized the factual and procedural history in this case (Doc. 28 at 2–7). Petitioner made several objections to the factual history in connection with his actual innocence claims. (Doc. 38 at 5–12). To the extent that these objections bear on Petitioner's statutory tolling and actual innocence gateway claims the Court will consider them below. However, those objections that are not relevant to the statute of limitations analysis are not addressed because the Court does not reach the merits of these objections. Accordingly, the Court adopts the R&R's history in this case and will address the Petitioner's objections in the context of his arguments.[1]

## III. R&R

On October 7, 2013, the Magistrate Judge issued an R&R recommending that the Petition be denied as barred by the AEDPA's statute of limitations. (Doc. 28). As explained by the Magistrate Judge, the AEDPA provides a one year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 8 (citing 28 U.S.C. § 2244(d)(1)). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (*Id.* (quoting 28 U.S.C. § 2244(d)(1)(A))). Examining Petitioner's procedural history in state court, the Magistrate Judge concluded that Petitioner's conviction became final on October 7, 2005, after the Petitioner's extension of time to file a petition for review in the Arizona Supreme Court expired. (Doc. 28 at 9–10). Thus, absent any tolling, the Magistrate Judge determined the statute of limitations would have started to run on October 8, 2005.[2]

Starting with statutory tolling, the Magistrate Judge explained that:

> [a]n application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it

---

[1] The Magistrate Judge made factual findings concerning the order and timing of Petitioner's various post-conviction appeals. This Court describes the procedural history in accord with the Magistrate Judge's findings of fact.

[2] Petitioner does not object to this point. Accordingly, the Court finds that absent any tolling, the statute of limitations would have started to run on October 8, 2005.

- 2 -

> achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219–220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Ariz. Dep't of Corrs*, 383 F.3d 1054, 1056 (9th Cir. 2004).

(Doc. 28 at 8–9). Examining each post-conviction proceeding in turn, the Magistrate Judge explained that the statute of limitations remain tolled until January 19, 2007, the date the trial court denied the Petitioner's Motion for Reconsideration from the Denial of Petition for Post-Conviction Relief. (Doc. 28 at 10). Thus on January 20, 2007, the Petitioner had no "pending" petitions for purposes of tolling under § 2244(d)(2) and the statute of limitations began to run. (*Id.*) Although Petitioner filed additional petitions, the Magistrate Judge noted that special action petitions do not toll the AEDPA limitations period. (Doc. 28 at 12). As a result, the Magistrate Judge explained that the limitations period ran uninterrupted and expired one-year later on January 22, 2008. (Doc. 28 at 10–11).

Turning to equitable tolling, the Magistrate Judge explained that the Petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (*Id.* at 9) (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)))). Additionally, "[a] habeas petitioner may also be entitled to equitable tolling of the limitations period if he makes a convincing showing of actual innocence." (*Id.* at 13) (quoting *McQuiggen v. Perkins*, 133 S.Ct 1924, 1928 (2013). The Magistrate Judge determined that the Petitioner failed to show any extraordinary circumstances that stood in his way. (*Id.* at 13). Additionally, the Magistrate Judge concluded that Petitioner failed to make a convincing showing of actual innocence: "[n]owhere in Petitioner's unorganized filings has he made a colorable claim showing that in light of new evidence presented, any juror, acting reasonably, would have voted to find him not guilty." (*Id*. at 14).

## IV. PETITIONER'S OBJECTIONS

Petitioner raises numerous objections that can be broadly classified into four arguments. First, that the Petition for Special Action constituted a "pending" action that tolled the statute of limitations. (Doc. 38 at 18–20). Second, that equitable tolling is appropriate because Petitioner diligently pursued his rights and an extraordinary circumstance stood in his way. (*Id.* at 20–22). Third, that equitable tolling is appropriate because Petitioner can show actual innocence. (*Id.* at 22–28). Finally, Petitioner objects to the Magistrate Judge's construal of his Predicate Claim in Ground Four. (*Id.* at 25).

### A. Statutory Tolling

Petitioner objects to the Magistrate Judge's recommendation that the statutory tolling ended on January 19, 2007, when the Arizona Court of Appeals denied Petitioner's second Rule 32 Petition. (Doc. 38 at 14). Rather, Petitioner argues that the statute of limitations was tolled until August 22, 2011, the date the Arizona Court of Appeals denied his Petition for Review from his third Rule 32 Petition. (*Id.* at 6). Specifically, Petitioner argues that his Petition for Writ of Certiorari from the Denial of Review of Special Action tolled the statute of limitations. (*Id.* at 14).

As a preliminary matter, the Magistrate Judge finds, and the Petitioner does not object to the finding, that the properly filed post-conviction proceedings tolled the AEDPA limitations. Accordingly, the Court finds Petitioner's second Rule 32 Petition tolled the limitations until January 19, 2007.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Petitions for post-conviction relief are tolled during the "intervals between a lower court decision and a filing of a new petition in a higher court." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (quoting *Carey v. Saffold*, 536 U.S. 214, 223 (2002)).

Here, Petitioner's Petition for Writ of Certiorari did not seek direct review of the Arizona Court of Appeals denial of the Second Rule 32 Petition. Rather, it sought review

of Petitioner's Special Action challenging the denial of his Motion to Remand for New Determination of Probable Cause. As the Magistrate Judge points out "[s]pecial actions do not toll the AEDPA limitations because they are not 'application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claims' within the meaning of § 2244(d)(2)." (Doc. 28 at 12) (quoting *Dema v. Arizona*, 2008 WL 2941167, at *11 (D. Ariz. July 25, 2008)); *see also Casteel v. Ryan*, 2013 WL 3805135, at *7 (D. Ariz. July 19, 2013); *Conway v. Ryan*, 2012 WL 786326, at *4 (D. Ariz. Feb. 9, 2012). Thus, the Court finds the Petitioner's Petition for Writ of Certiorari seeking review of the Motion to Remand for New Determination of Probable Cause is not an application for State post-conviction relief or other collateral review which would qualify to toll the statute of limitations.[3] Accordingly, the Court adopts the Magistrate Judge's recommendation that the Petition for Writ of Certiorari seeking review of the Motion to Remand for New Determination of Probable Cause did not toll the statute of limitations.

### B. Equitable Tolling

Absent any equitable tolling, the AEDPA's statute of limitations began to run on January 19, 2007. Petitioner objects to the Magistrate Judge's recommendation that equitable tolling is inapplicable to the instant case. (Doc. 38 at 20). Specifically, Petitioner argues he is entitled to equitable tolling because (1) he has been pursuing his rights diligently and extraordinary circumstances prevented him from filing a timely petition (*id.*); and (2) he has made a showing of actual innocence (*id.* at 21).

---

[3] Petitioner argues that the Petition for Special Action was "consolidated" with the Rule 32 Petition. (Doc. 38 at 20). The Court finds no indication that these two actions were consolidated. Rather, the trial court dismissed Petitioner's Second Rule 32 Petition, denied his Motion for Reconsideration, and Petitioner never filed a petition for review from the trial court's order denying the Rule 32 Petition. . (Doc. 16, Exh. MM; Exh. XX).
Alternatively, Petitioner argues the Court of Appeals reinstated the Rule 32 Petition after it accepted the Petitioner's Third Rule 32 Petition. (Doc. 38 at 14). However, "§ 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Because the Court finds the statute of limitations expired before Petitioner filed the Third Rule 32 Petition, that Petition does not reinitiate the statute of limitations period for the habeas action pending before the Court.

### 1. Whether Petitioner has Diligently Pursued Rights and an Extraordinary Circumstance Existed

Equitable tolling requires both a showing that Petitioner diligently pursued his rights and that extraordinary circumstances prevented Petitioner from filing a timely petition. *Holland*, 560 U.S. at 649. A petitioner seeking equitable tolling bears the burden of demonstrating such tolling is warranted in his case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing *Holland*, 560 U.S. at 649).

The Magistrate Judge recommended that this Court find Petitioner failed to show extraordinary circumstances stood in his way and prevented him from filing a timely petition. (Doc. 28 at 13). The Magistrate Judge noted that Petitioner failed to provide any compelling argument that Petitioner faced extraordinary circumstances. (*Id.* at 14). Petitioner does not explicitly object to this point. Although Petitioner argues that extraordinary circumstances warrant tolling (Doc. 38 at 21), he fails to offer argument or facts showing those circumstances were present in the instant case. Accordingly, the Court finds Petitioner has failed to present a compelling argument that extraordinary circumstances prevented him from filing a timely petition. Therefore, Petitoner is not entitled to equitable tolling in this case.[4]  Without equitable tolling, the Petitioner's statute of limitations began on January 19, 2007 and ended one year later on January 22, 2008. Accordingly, the Court finds Petitioner's Writ of Habeas petition, filed on August 6, 2012 (Doc. 1), to be barred as untimely because it was filed after the statute of limitations expired.

### 2. Whether Petitioner Made a Convincing Showing of Actual Innocence

Petitioner argues that under the exception to the statute of limitations for actual innocence, as recognized in *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc), he is entitled to "gateway" through the statute of limitations. The *Lee* Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314–315

---

[4] The Court need not consider whether Petitioner diligently pursued his right because Petitioner failed to show extraordinary circumstances.

1 (1995).[5]

2 "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations. *McQuiggen*, 133 S.Ct at 1928. For Petitioner to meet the actual innocence gateway of *Schlup*, the Court must determine, "how reasonable jurors would react to the overall, newly supplemented record," and whether, "it is more likely than not that no reasonable juror would have convicted him." *Lee*, 653 F.3d at 945 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) and *Schlup*, 513 U.S. at 327).

Petitioner submits several affidavits as new evidence that supports his claim of actual innocence. (Doc. 38, Appendix ("Appx") 5 at 2–3, 7–8). These affidavits describe a conversation between inmates Eric Stewart, Mark Michaels, and Roger Thompson. (*Id.*) According to the affidavits by Stewart and Michaels, Thompson stated he had a conversation with William Foster Thomas, a witness at Petitioner's trial. (*Id.*) Allegedly, Thomas admitted to lying during the trial. (*Id.*) Petitioner argues this new evidence serves as a gateway to overcome the statute of limitations. (Doc. 38 at 24). Because Petitioner relies entirely on hearsay affidavits, Petitioner has not submitted any evidence that would be admissible at trial. Because there is no new admissible evidence the Court cannot say "it is more likely than not that no reasonable juror would have convicted [Petitioner]". Accordingly, the Court adopts the recommendation of the Magistrate Judge and finds Petitioner is not entitled to gateway around the statute of limitations period.[6]

### C.   **Factual Predicate of Claim in Ground Four**

In Ground Four of his claim, Petitioner referenced newly discovered evidence that concerned a witness at his trial. (Doc. 1-3 at 6). Respondents addressed this as a

---

[5] *Schlup* recognized an actual innocence gateway for procedurally defaulted claims. *Lee*, 653 F.3d at 934.

[6] Petitioner also alleges prosecutorial misconduct and witness perjury to support his actual innocence argument. (Doc. 38 at 23). After thoroughly reviewing the complete record, the Court does not find any evidence showing a colorable claim of actual innocence. Accordingly, the Court adopts the Magistrate Judge's recommendation that none of the Petitioner's filings show any juror, acting reasonably, would have found Petitioner not guilty. (Doc. 28 at 14).

- 7 -

§ 2244(d)(1)(4) argument[7] (Doc. 15 at 50). The Magistrate Judge disagreed that Petitioner expressly made such an argument (Doc. 28 at 15). Nonetheless, the Magistrate Judge addressed the argument and recommended this Court find that the claim is barred by the statute of limitations (*id.*).[8]

Petitioner's sole objection to the Magistrate Judge's recommendation is to the statement, "Respondent's contend that one of Petitioner's claims in Ground Four implicates § 2244(d)(1)(D), which applies a limitations period from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" (Doc. 38 at 25). Instead, Petitioner cites the Traverse Reply (Doc. 26 at 8–18) as properly framing his argument. (Doc. 38 at 25). The cited sections do not argue a § 2244(d)(1)(D) claim, but rather concern Petitioner's actual innocence argument. (*See* Doc. 26 at 8–18). Thus, the Court agrees with the Magistrate Judge and finds Petitioner did not argue a § 2244(d)(1)(D) claim. Rather, Petitioner intended the information cited in the argument[9] to support his actual innocence gateway claim.[10] The Court did not find Petitioner met the burden to show actual innocence. *See* discussion *supra* Part.IV.B.2. Accordingly, the Court finds Petitioner's Ground 4-A claim was an extension of his actual innocence gateway claim, and because the Court finds Petitioner has not shown actual innocence, the Court finds this barred by the statute of

---

[7] § 2244(d)(1)(4) applies a statute of limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," if that date is later than "the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1). Respondent argues the "factual predicate" is the alleged conservation between William Foster Thomas and Roger Thompson. (Doc. 15 at 50); *see* discussion *supra* Part.IV.B.2.

[8] Specifically, the Magistrate Judge notes the Petitioner did not "write anything to indicate he exercised due diligence to discover the information" (Doc. 28 at 15) and did not state when Petitioner became aware of the information (*Id.*) Thus the Magistrate found there was "no basis to start the limitation period clock at a later time." (*Id.*)

[9] The Court addressed this information, the hearsay affidavits, in the Petitioner's actual innocence claim. *See supra* Part.IV.B.2.

[10] The Court's finding is further supported by the Petitioner continuing to argue his actual innocence claim after spending one paragraph addressing the Predicate Claim in Ground Four. (*See* Doc. 38 at 25–28).

1 limitations.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 28) is accepted and adopted to the extent specified above. The objections (Doc. 38) are overruled.

**IT IS FURTHER ORDERED** that the Petition in this case is denied because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2554 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 23rd day of April, 2014.

James A. Teilborg
Senior United States District Judge