WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No. CV-12-01688-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

In August 2012, Petitioner filed a Petition for Writ of Habeas Corpus challenging his 2004 state court conviction. In April 2014, this Court denied the Petition and entered judgment accordingly. (Docs. 40 and 41). Petitioner appealed and the Ninth Circuit Court of Appeals denied a certificate of appealability in August 2014.

In March 2017, Petitioner filed two motions and a supplement. (Docs. 46, 47, and 48). One motion seeks relief under Federal Rule of Civil Procedure 60, claiming fraud on the court. This motion is 32 pages (157 with attachments) and is accompanied by a 48 page supplement. In summary, it appears to argue that the state court record as filed by Respondents is either incomplete or inaccurate. Petitioner appears to argue that something he filed on February 25, 2011 was treated incorrectly by the state court clerk. (Doc. 47 at 9). The Court believes the document to which Petitioner refers is found in this Court's record at Doc. 16-4 at 2. Petitioner argues this issue is "newly discovered." (Doc. 47 at 2).

First, because Respondent filed this exhibit on December 28, 2012, the Court

rejects Petitioner's argument that it is "newly discovered." Second, because this document was in this Court's record at the time this Court rendered its April 2014 decision, Respondents did not commit fraud on the Court. Finally, Petitioner seems to argue that the Arizona superior court somehow harmed him. (Doc. 47 at 10). Any claim Petitioner may have against the superior court is not properly before this Court as part of a Petition for Writ of Habeas Corpus. Therefore, Petitioner's motion to reopen (Doc. 47) will be denied.

Petitioner also seeks discovery from Respondents. (Doc. 46). Because this case is closed, and will not be reopened, the Court will not order any discovery between the parties.

Based on the foregoing,

**IT IS ORDERED** that the Motion to Reopen (Doc. 47) is denied.[1]

**IT IS FURTHER ORDERED** that the Motion for Order for Prison Logs of In-Coming Mail (Doc. 46) is denied.

Dated this 23rd day of May, 2017.

James A. Teilborg
Senior United States District Judge

---

[1] To the extent a ruling on a certificate of appealability (COA) is required on the motion to reopen, a COA is denied. *See Lynch v. Blodgett*, 999 F.2d 401, 402-03 (9th Cir. 1993) (holding that a Certificate of Probable Cause, the predecessor to the COA under the prior version of § 2253, was required to appeal the denial of a Rule 60(b) motion in a § 2254 habeas corpus proceeding.)